UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SMITH MARINE, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | IN ADMIRALTY |
| LEGACY LAND AND MARINE ) | |
| DEVELOPMENT, LLC, ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, Smith Marine, Inc. by and through undersigned counsel, file this action against Defendant, Legacy Land and Marine Development, LLC for damages as set forth below.

## PARTIES

1. Plaintiff, Smith Marine, Inc. ("SMI"), is a duly formed and existing Massachusetts business corporation with a principal place of business in Marblehead, Massachusetts.

2. Defendant, Legacy Land and Marine Development, LLC ("Legacy") is a foreign limited liability company, incorporated in Delaware, with a principal place of business in Boston, Massachusetts.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1333. The Court has supplemental jurisdiction over the Plaintiff's common law and state law claims pursuant to 28 U.S.C. §1367.

4. Venue lies in this district under 28 U.S.C. §1391. Legacy transacts business here and is registered in Massachusetts as a foreign limited liability company. The subject work was also completed in Massachusetts.

## FACTS

5. On April 13, 2015, SMI provided towing services to Legacy wherein the M/V RED HOOK departed from Dorchester, MA to arrive onsite Legacy's project in East Boston, MA to assist the Tug Hudson with a 300' breakwater tow to Shipyard Headquarters in Charlestown, MA.

6. SMI promptly provided Legacy with a detailed invoice for services rendered, attached hereto as Exhibit A. The balance due on Invoice No. 063294 was $800.00, to be paid in full within 30 days, and subject to interest of 1.5% per month past due.

7. On June 22, 2015, Legacy executed an estimate provided by SMI under which SMI was to provide labor, equipment, and machinery to Legacy to install failed pilings due to winter storm damage at Winthrop Lodge of Elks Marina ("Elks Marina") located at 191 Washington Street, Winthrop, MA. Legacy's cost proposal to the Elks Marina as well as SMI's estimate to Legacy is attached hereto as Exhibit B.

8. Geoffrey Lake, in his capacity as manager and agent of Legacy, executed and acknowledged SMI's estimate, explicitly agreeing to the rates included therein, totaling $9,700.00, and acknowledging that invoices would become due within 15 days of completion of the work.

9. SMI provided the agreed to labor, equipment, and machinery to Legacy on its project at Elks Marina on June 23, 2015. In addition to transporting barges and equipment to and from Elks Marina and installing six new 40' timber piles supplied by Legacy, SMI straightened three piles at the request of Legacy personnel on site.

10. SMI promptly provided Legacy with a detailed invoice for services rendered, attached

hereto as Exhibit C. The balance due on Invoice No. 063370 was $11,150.00, to be paid in full within 30 days, and subject to interest of 1.5% per month past due.

11. The Defendant has refused or otherwise failed to pay the Plaintiff for the services supplied by SMI.

## COUNT I

12. The Plaintiff realleges and incorporates herein paragraphs 1 through 11 above.

13. The Defendant has breached the terms of the contract and failed to pay a prior invoice.

14. As a result of the breach by the Defendant, the Plaintiff has suffered damages as will be determined at the time of trial.

## COUNT II

15. The Plaintiff realleges and incorporates herein paragraphs 1 through 14 above.

16. The Defendant has been unjustly enriched as a result of the Plaintiff performing work for the Defendant without getting paid.

17. As a result of that unjust enrichment, the Plaintiff has suffered damages as will be determined at the time of trial.

## COUNT III

18. The Plaintiff realleges and incorporates herein paragraphs 1 through 17 above.

19. Defendant's failure and refusal to honor the terms of the executed estimate, despite verbally promising to do so, is an unfair and deceptive trade practice or business practice in violation of the provisions of Massachusetts General Laws, Chapter 93A, which has caused the Plaintiff to suffer damages that will be demonstrated at trial.

WHEREFORE, the Plaintiff prays for the following relief:

1. Plaintiff prays that this Honorable Court finds that the Defendant breached the terms of the executed estimate and award the Plaintiff all damages that it is due;

2. Plaintiff prays that this Honorable Court finds that the Defendant has been unjustly enriched by the Plaintiff and award the Plaintiff quantum meruit damages;

3. Plaintiff prays that this Honorable Court order the Defendant to pay double or triple damages, attorneys fees, and costs;

4. Plaintiff prays that this Honorable Court order any other relief that it deems appropriate.

    Respectfully submitted,
    Smith Marine, Inc.
    By its attorneys,

    /s/ Julie L. Kantor
    _____
    David S. Smith, Esq.
    BBO No.: 634865
    dsmith@farrellsmith.com
    Julie L. Kantor, Esq.
    BBO No.: 698622
    jkantor@farrellsmith.com
    Farrell & Smith LLP
    60 Washington Street, Suite 303
    Salem, Massachusetts 01970
    Tel: 978-744-8918
    Fax: 978-666-0383

Dated: August 23, 2018